UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WESLEY S. RICKS**                        **CIVIL ACTION NO. 3:17-CV-27**

**VS.**                                    **SECTION P**

                                           **JUDGE ROBERT G. JAMES**

**DANIEL J. ELLENDER, ET AL**              **MAGISTRATE JUDGE HAYES**

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Wesley S. Ricks, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 14, 2016. [Rec. Doc. 1] and Amended Complaints on February 8, 2017 and March 17, 2017. [Rec. Docs. 8 & 16]  On March 27, 2017, he was ordered to amend his complaint to provide additional information [Rec. Doc 16]; he did so on April 4, 2107, March 1, 2017 and March 15, 2017. [Rec. Docs. 19, 20 & 21]  Plaintiff is in custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary. He names the following as defendants: (1) District Attorney John G. Spires; (2) Judge Daniel J. Ellender; (3) Deputy Clerk of Court Joyce Goleman; and (4) William Hayman "and the remaining grand jurors for the case #12-1299F," pursuant to which he was indicted in January 2013. [Rec. Doc. 8, p. 3]

    Plaintiff has also filed numerous motions including motions, including the following which remain pending: Motion for This Court to Give Order to Fourth Judicial District Parish of Morehouse to Provide Plaintiff with Documents [Rec. Doc. 6], Motion for Subpoena Duces Tecum [Rec. Doc. 10], Motion to Compel the Full Name of Nine Grand Jury Members for the Indictment in Case No. 12- 1299F [Rec. Doc. 14], Motion for Evidentiary Hearing [Rec. Doc. 15] and Motion to Compel Daniel J. Ellender to Produce the Transcript of Empaneling of the Grand Jury [Rec. Doc.

18].

He prays for dismissal of criminal docket number 12-1299F, $618,000 in damages and a protective order against Defendant Daniel J. Ellender. [Rec. Doc. 8, p. 7]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

### *Background*

Plaintiff brings the instant civil rights complaint in connection with his indictment for first degree rape, in violation of La. R. S. 14:42(A)(4), in the Fourth Judicial District Court, Morehouse Parish, Louisiana, in 2013. He brings claims against Daniel Ellender, the Judge who presided over the criminal matter, John G. Spires, the District Attorney, Joyce Goleman, the Deputy Clerk of Court for the Fourth Judicial District Court, and William Hayman and "the remaining grand jurors for the case #12-1299F."

### *Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis*. Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is

immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2. Prosecutorial Immunity

Any claim for monetary damages against District Attorney John G. Spires is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claims against the District

Attorney are based on his role as a prosecutor. As the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### 3. Judicial Immunity

Similarly, Plaintiff's claims against Judge Daniel J. Ellender arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the facts before this court establish that Judge Ellender's acts were clearly judicial in nature, he is entitled to absolute immunity.

### 4. Grand Jury Immunity

Grand jurors are absolutely immune from liability for actions arising out of their service, as are jurors acting within the scope of their duties. *Imbler v. Pachtman*, 424 U.S. 409, 422–23, 96 S.Ct. 984; *White v. Hegerhorst*, 418 F.2d 894, 895 (9th Cir.1969), cert. denied, 398 U.S. 912, 90 S.Ct. 1710, 26 L.Ed.2d 74 (1970); *Freeze v. Griffith*, 849 F.2d 172, 174–75 (5th Cir.1988). Accordingly, William Hayman and the other grand jurors are absolutely immune from liability in this matter.

### 5. Deputy Clerk of Court Immunity

Finally, Joyce Goleman, Deputy Clerk of Court for the Fourth Judicial District Court, is

absolutely immune from liability. The Fifth Circuit and other circuit courts have extended the doctrine of judicial immunity to clerks of court. *Murphy v. Marten*, 2006 WL 4043201 (E.D. La. 2006) (citing *Small v. Dallas County*, 170 Fed. Appx. 943, 943 (5th Cir. Apr. 10, 2006); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001); *Rogers v. Brintrager*, 841 F.2d 853, 856 (8th Cir.1988); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir.1987)). Clerks of court have a "narrower ambit of immunity than judges and prosecutors," *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981), but they " 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'" *Clay*, 242 F.3d at 682 (quoting *Tarter*, 646 F.2d at 1013). A court clerk performing routine tasks not explicitly commanded by a court decree or by the judge's instructions is only entitled to qualified immunity from suits brought pursuant to § 1983. *Clay v. Allen,* 242 F.3d at 682*; See also Leroy* v. *Whyte*, 2008 WL 906296, *3 (E.D. La., April 2, 2008).

Plaintiff alleges that the Clerk of Court "performed collusion by alleged claim that the district clerk's office of Morehouse Parish does not have the grand jury proceedings" for the matter in which he was indicted and sentenced to life in prison. [Rec. Doc. 8, p. 6] He then alleges that the Clerk provided false documents to his mother. *Id.* However, he has failed to provide any supporting facts or details regarding this information, nor does he allege that her actions were not taken under court order or at a judge's discretion.

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§

1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Goleman is entitled to absolute immunity, as Plaintiff has not alleged that her actions were not taken under court order or at a judge's discretion. Moreover, plaintiff's conclusory allegations are insufficient to establish any sort of collusion or wrongdoing by Goleman.

### 6. *Habeas Relief and Protective Order Not Available Remedies*

In addition to money damages, plaintiff seeks to obtain the dismissal of criminal docket number 12-1299F and his release from custody, as well as a protective order against Judge Ellender. To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

Finally, plaintiff prays for a protective order against Daniel J. Ellender "for plaintiff's safety

circumstances," but alleges no facts to demonstrate a substantial threat that he will suffer irreparable injury if the injunction is not granted. Accordingly, this request should also be denied.

### *Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** because all defendants are immune from suit and and as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Motion for This Court to Give Order to Fourth Judicial District Parish of Morehouse to Provide Plaintiff with Documents [Rec. Doc. 6], Motion for Subpoena Duces Tecum [Rec. Doc. 10], Motion to Compel the Full Name of Nine Grand Jury Members for the Indictment in Case No. 12- 1299F [Rec. Doc. 14], Motion for Evidentiary Hearing [Rec. Doc. 15] AND Motion to Compel Daniel J. Ellender to Produce the Transcript of Empaneling of the Grand Jury [Rec. Doc. 18] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, June 12, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**